## Springfield Township v. Flourbowl, Inc.

*D. Groshens,* for plaintiff.

*T. Porter,* for defendant.

KNIGHT, P. J., January 23, 1956.—The pleadings, complaint, answer and final hearing.

## Question Involved

Has defendant complied with the condition imposed by the board of adjustment of Springfield Township to pave the parking lot?

## Findings of Fact

Plaintiff is a township of the first class.

Defendant is a corporation, all of the stock of which is owned by Adolph L. Lindquist and Marian S. Lindquist, his wife, as tenants by the entireties.

The building on land of defendant at Flourtown, Springfield Township, is used as a bowling alley with eight alleys.

The above building is used as a bowling alley by virtue of variance granted by the board of adjustment of Springfield Township after litigation in this court and the Supreme Court.

In directing that a variance be granted, this court empowered the board of adjustment to impose reasonable conditions.

Among the conditions imposed was the following: "Paved parking area is to be provided for 30 cars on the property, with adequate entrance and exit."

Defendant has spread three-quarter inch of stone over the surface of the parking area. Although the variance was granted in 1950, this stone was not spread on the lot until after the present complaint was filed.

Defendant has not complied with the condition to pave the parking area.

## Discussion

Defendant operates a bowling alley in Flourtown by virtue of a variance granted by the board of adjustment after litigation in this court and the Supreme Court. In granting the variance this court provided that the board of adjustment could impose reasonable conditions.

Among the conditions imposed was one requiring "paved parking area is to be provided for 30 cars on

the property, with adequate entrance and exit". That the requirement of an on-site parking lot is reasonable can hardly be questioned. Any facility that tends to take parked cars off the highway is in the interest of public safety and welfare. Defendant has an on-site parking lot which will accommodate 30 cars if properly parked and the entrance and exit are adequate.

Counsel agree that the only question before us is whether the parking lot is paved. Further refined, the question seems to be whether spreading three-quarter inch of stone over the surface of the lot is a compliance with the above condition.

The township contends that paving means to cover the surface with "black top", concrete or some other hard, smooth top. Mr. Lindquist, one of the owners of defendant corporation, called as a witness, defined paving as "something that is suitable to get in and out without getting stuck", page 61 of notes.

Webster's Collegiate Dictionary defines the word "pave" as follows: "To lay or cover with stone, brick, etc., so as to make a firm level or convenient surface for travel."

We are of the opinion that the word "paved" as used in the above condition contemplates more than spreading loose stone over the surface of the parking lot.

In our townships we have dirt roads often partially covered with stone. We call them "dirt roads" or "unimproved roads" to distinguish them from the "paved" road. Real estate advertisements when they speak of a property situated on a "paved" road convey the thought that the road is paved with blacktop or some other substance with a hard and smooth surface. We believe that in this locality the word "paved" is generally understood to mean a hard, smooth, prepared surface of some material.

So holding, we must find that defendant has not complied with the condition imposed by the board of adjustment.

Assuming that the condition contemplated a hard, smooth, prepared surface, we have still to consider if such a condition is reasonable or rather if the board of adjustment abused its authority in imposing it.

Common observation of parking lots connected with shopping centers, theatres, large restaurants, etc., still show that the parking lots attached to these activities are almost always hard-topped.

The parking lot in question is accessory to a large bowling establishment with eight alleys. It has room for 30 cars. We do not think, under these circumstances, that the condition was unreasonable. Mr. Lindquist testified that a majority of the on-site parking lots in the neighborhood were of stone, but while this has some bearing on the reasonableness of the condition, we do not feel it is controlling. Defendant also contends that the condition is discriminatory. If the requirement to hard top the parking lot was imposed by an ordinance which was not enforced against others similarly situated, there might be some merit in this contention, but we are here dealing with a unique situation unlike any other in the township which was treated in a special way. The condition imposed does not have to conform to any precedent, nor is it a precedent for any other variance. Every variance stands on its own peculiar facts and circumstances.

### Conclusions of Law

1. The condition that the parking lot shall be paved means that the surface must be covered with some hard substance with a prepared and smooth surface.

2. Defendant has not complied with the condition that the parking lot shall be paved.

3. Plaintiff is entitled to a mandatory injunction requiring the parking lot be paved in the manner set forth in the above discussion.

4. Defendant to pay the costs.

32

*Decree Nisi*

And now, January 23, 1956, it is ordered, adjudged and decreed:

That the prothonotary mark these findings of fact and conclusions of law filed, to become a part of the record of this case, and enter the following decree nisi:

Defendant is ordered and directed to comply with the condition imposed by the board of adjustment by paving the parking lot involved with some hard substance with a prepared and smooth surface within four months of the date of this decree.

Defendant to pay the costs.